PIRSSON *v.* GILLESPIE *et al.*

*(Supreme Court, General Term, First Department.* January 28, 1889.)

PARTIES—DEFECT OF PARTIES—FAILURE TO OBJECT AT TRIAL.

When an adjudication is made by the trial court, construing a will to be a valid exercise of a power of appointment vested in testatrix, and the persons who would take the property devised in default of such appointment are not parties to the action, the judgment will be reversed, and the case remanded, to make proper parties, though none of the parties to the record object on that ground.

Appeal from special term, New York county.

Action by John W. Pirsson, in his own right, and as executor, etc., of Lucille Hall Bow, against Mary A. Gillespie and others, for a construction of the will of plaintiff's testator, for the appointment of a trustee, and for other relief. A decree was rendered in favor of defendants, and plaintiff, as executor, appeals.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*Emil S. Arnold,* for appellant. *Lewis L. Delafield,* for respondent Mary A. Gillespie. *H. Merckle,* for respondent Sarah J. Pirsson.

VAN BRUNT, P. J. In this case the court has adjudged that Lucille Hall Bow by her last will and testament has duly exercised the power granted to her by the will of one Eunice Hall, and thereby disposed of all the property devised and bequeathed in trust. This adjudication is made, so far as this record discloses, without the court having before it the persons who would take had not such power of appointment been duly exercised. It does not seem to us that any such adjudication can be made without the presence of those parties. If there were any necessity for any such adjudication in order that it should be binding and effectual, it was equally necessary that all parties to be affected by such adjudication should be before the court. As far as the record discloses, no evidence was offered going to show who such persons were; and under this state of the record the court should not have made the adjudication which it did as to the due exercise of the power of appointment. It is true that no such objection is raised by the appellants or any parties to this record, but this fact does not render the duty of this court any the less imperative to see that the proper parties are before it so as to make its adjudication effectual as to all parties who can possibly be interested. It seems to us that the judgment rendered must be reversed, and the case sent back to the special term, in order that the proper parties may be brought in, or proof offered that they are already before the court. Such reversal and new trial should be without costs, either against or in favor of either of the parties to this record. All concur.